IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Willa Glover, | ) C/A No.: 2:14-2348-RMG-WWD |
| | ) |
| Plaintiff, | ) |
| | ) **REPORT AND RECOMMENDATION** |
| vs. | ) |
| | ) |
| Geico Indemnity Insurance Co., | ) |
| | ) |
| Defendant. | ) |
| | ) |

Plaintiff, Willa Glover ("Plaintiff" or "Glover"), proceeding pro se and in forma pauperis, filed the instant suit against Defendant Geico Indemnity Insurance Company ("Geico") in June of 2014. (See Dkt. No. 1.) Pursuant to the provisions of 28 U.S.C. §636(b)(1), and Local Rule 73.02(B)(2) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review such complaints for relief and to submit findings and recommendations to the District Court. After careful review, the undersigned finds that Plaintiff's Complaint should be summarily dismissed, without prejudice and without issuance and service of process.

## PRO SE AND IN FORMA PAUPERIS REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The review has been conducted in light of the following precedents: Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); and Gordon v. Leeke, 574 F.2d 1147 (4th Cir. 1978). The Complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of

proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B)(i), (ii), (iii). Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. Neitzke v. Williams, 490 U.S. 319 (1989).

This Court is required to liberally construe pro se documents, Estelle v. Gamble, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, Hughes v. Rowe, 449 U.S. 5 (1980) (per curiam). Even under this less stringent standard, however, a pro se complaint is subject to summary dismissal.

The mandated liberal construction afforded pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to "conjure up questions never squarely presented" to the court. Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't. of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## BACKGROUND

As noted above, Plaintiff filed the instant action against Geico. On June 19, 2014, the undersigned issued an order giving Plaintiff a specific amount of time to bring the case into proper form by (a) completing a summons form; (b) completing a form USM-285 for Defendant Geico; and (c) submitting Plaintiff's Answers to the Court's Special Interrogatories. (See Dkt. No. 8 at 1-2 of 5.) That order also stated, "**No process shall**

**issue until the specified items have been reviewed by the assigned United States Magistrate Judge**." (Id. at 2.) On or about June 30, 2014, Plaintiff complied with the undersigned's proper form order, but in addition to submitting service documents for Geico, she also submitted service documents for Marcus Lowery. (See Dkt. No. 11.) Plaintiff's Answer to the Court's Special Interrogatories provides a street address for Mr. Lowery in Ladson, South Carolina. (See Dkt. No. 11.)

On July 3, 2014, Geico filed a Motion to Dismiss, asserting, *inter alia*, that her Complaint failed to state a claim and that this Court lacks subject matter jurisdiction. (See Dkt. No. 16.)[1] By order filed July 23, 2014, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Plaintiff was advised of the summary judgment procedure and the possible consequences if she failed to adequately respond to the motion. (Dkt. No. 24.) On or about August 22, 2014, Plaintiff filed a Motion for Discovery (Dkt. No. 27), a Response in Opposition to the Motion to Dismiss (Dkt. No. 28), and a Motion to Amend the Complaint (Dkt. No. 29).

For the reasons set forth herein, the undersigned recommends dismissing the instant action without prejudice and without issuance and service of process.

## DISCUSSION

This lawsuit arises out of a motor vehicle accident that occurred in South Carolina. In Plaintiff's original Complaint, she alleges that she was injured when "Mr. Mowry, who has insurance with Geico, hit the car" in which Plaintiff was riding. (Dkt. No. 1 at 1 of 4.) Plaintiff

---

[1]The undersigned has not authorized service of process in this case. (See Dkt. No. 8 at 2 of 5.) It appears, however, that Plaintiff attempted to serve Geico at the time she filed her Complaint. (Dkt. No. 1 at 4 of 4.)

3

alleges that Geico's "client was at fault." (Id.) According to Plaintiff, Geico made one offer that did "not touch anywhere near the amount of medical expenses that are over $20,000.00," and did not "address pain and suffering or lost wages at all." (Dkt. No. 1 at 2 of 4.) In her original Complaint, Plaintiff stated,

> The Plaintiff's demand is for $50,000.00 to cover all her medical expenses, pain and suffering, ongoing disability effects in her body and loss of wages, plus mileage to be compensated to those who have transported her to and from her doctor and hospital visits, and future loss.

(Dkt. No. 1 at 2 of 4.)

In its Motion to Dismiss, Geico asserts subject matter jurisdiction is lacking because "Plaintiff failed to adequately plead the $75,000 minimum dollar amount in controversy necessary to vest this Court with original subject-matter jurisdiction." (Dkt. No. 16 at 1 of 11.) Geico also asserted that Plaintiff's action should be dismissed because "Plaintiff cannot maintain a personal injury/negligence action solely against Defendant" Geico. (Dkt. No. 16 at 4 of 11.)

In her Motion to Amend, Plaintiff lists the following as Defendants: Geico, Marcus Marico Lowery; William E. Hughes, III; Berkshire Hathaway Inc.; and several affiliates of Geico. (See Dkt. No. 29 at 1 of 4.) Plaintiff asserts therein that she seeks, *inter alia*, $50,000 for personal injury, $25,000 for pain and suffering, and punitive damages. (See Dkt. No. 29 at 2-3 of 4.)

Regardless of whether Plaintiff's Motion to Amend is granted, this case is subject to summary dismissal. Considering Plaintiff's original Complaint–against Geico only–her Complaint fails to state a claim upon which relief can be granted. In Major v. National

Indemnity Co., 267 S.C. 517, 229 S.E.2d 849 (1976), the Supreme Court of South Carolina stated,

> At common law, no right to maintain suit directly against the insurer existed absent privity of contract between the claimant and the insured. See Couch on Insurance (2d), Section 45:764. Because direct actions against the insurer contravenes common law, such a right must be expressly sanctioned by the legislature and not merely inferentially deduced. Crowder v. Carroll, 251 S.C. 192, 161 S.E.2d 235 (1968).
>
> Legislation in derogation of common law must be strictly construed under settled principles enunciated by this Court. See Southern Railway Co. v. South Carolina State Highway Department, 237 S.C. 75, 115 S.E.2d 685 (1960), and cases cited therein. We find no right, either statutory or under the common law, to maintain an action solely against the insurer.

Major, 267 S.C. at 520-21, 229 S.E.2d at 850; see also Swinton v. Chubb & Son, Inc., 283 S.C. 11, 320 S.E.2d 495 (Ct. App. 1984) (affirming dismissal of complaint where injured parties sued alleged tortfeasor's insurance company alleging the company failed to adjust the claim in good faith). Plaintiff's original Complaint does not state a claim upon which relief can be granted.

Plaintiff's proposed amendment to her Complaint does not save her action from summary dismissal. In her Motion to Amend, Plaintiff seeks to add, *inter alia*, Marcus Lowery, the alleged tortfeasor. (See Dkt. No. 29 at 1 of 4.) If Plaintiff's Motion to Amend is granted, this Court will not have subject matter jurisdiction. In order for a court to hear and decide a case, the court must, first, have jurisdiction over the subject matter of the litigation. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." Cooper v. Productive Transp. Servs., Inc. (In re Bulldog Trucking, Inc.), 147 F.3d 347, 352

(4th Cir. 1998). Because federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. Pinkley, Inc. v. City of Frederick, Md., 191 F.3d 394, 399 (4th Cir. 1999). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." Bulldog Trucking, 147 F.3d at 352. See also FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

The two most commonly recognized and utilized bases for federal court jurisdiction are (1) "federal question," 28 U.S.C. § 1331, and (2) "diversity of citizenship." 28 U.S.C. § 1332. Federal question jurisdiction is not implicated in the case *sub judice*, as Plaintiff has not alleged that Geico or the proposed additional Defendants have violated a federal statute or constitutional provision. Accordingly, this court would have jurisdiction over the claims set forth in Plaintiff's proposed Amended Complaint only if diversity jurisdiction exists. The diversity statute requires complete diversity of parties and an amount in controversy in excess of $75,000. See 28 U.S.C. § 1332(a); see also Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 372-74 & nn. 13-16 (1978); Owens-Illinois, Inc. v. Meade, 186 F.3d 435, 440 (4th Cir. 1999) ("In order to establish diversity jurisdiction, the parties must be completely diverse; none of the plaintiffs may share citizenship with any of the defendants." (citing Carden v. Arkoma Assocs., 494 U.S. 185, 187 (1990))).

Based upon the filings in this case, it appears that both Plaintiff and Marcus Lowery, the alleged tortfeasor, are citizens of South Carolina. (See Dkt. No. 1; Dkt. No. 11; Dkt. No. 29.) Accordingly, if the amendment is granted, complete diversity would not exist. See 28 U.S.C. § 1332; Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806); see also Hardaway

6

v. Checkers Drive-In Restaurants, Inc., 483 F. App'x 854, 854 (4th Cir. 2012) ("The presence of a defendant who is a citizen of the same state as the plaintiff destroys complete diversity and, therefore, federal jurisdiction."); McGaha v. Childers, Civ. A. No. 6:10-2575-JMC-KFM, 2010 WL 5138562, at *2 (D.S.C. Oct. 12, 2010), adopted at 2010 WL 5138547 (D.S.C. Dec. 8, 2010) ("Complete diversity of parties is absent in this case because both the plaintiff and the defendant are citizens of South Carolina.").

As set forth above, Plaintiff's original Complaint fails to state a claim upon which relief may be granted, and if Plaintiff's Motion to Amend is granted, diversity jurisdiction will not exist. Plaintiff's action should therefore be summarily dismissed.

### RECOMMENDATION

For the foregoing reasons, the instant action should be summarily dismissed, without prejudice and without issuance and service of process. Plaintiff's attention is directed to the important notice on the next page.

_____
WALLACE W. DIXON
UNITED STATES MAGISTRATE JUDGE

August 26, 2014
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting the advisory committee's note to Rule 72 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.")).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P.72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk of Court
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).